## COMMONWEALTH *vs.* MOSES LUFKIN.

Essex.     February 1, 1897. — February 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Keeping and Sale — Law and Fact.*

At the trial of a complaint for maintaining a tenement used for the illegal keeping and sale of intoxicating liquors, if there is evidence that wine manufactured in this Commonwealth from grapes grown here and seized on the premises of the defendant, who was the manufacturer's agent, had been reinforced with distilled spirits, that the wine delivered to the defendant by his principal had not been so reinforced when so delivered, and that the defendant kept in his premises material for such reinforcement, it is a question for the jury whether such reinforcement by the defendant has in fact been shown.

At the trial of a complaint for maintaining a tenement used for the illegal keeping and sale of intoxicating liquors, there was evidence that the premises were fitted with a bar, glasses, etc., and non-intoxicating drinks were sold there; that the defendant was the agent of a manufacturer in this Commonwealth of wine from grapes grown here; that wine in different sized bottles, each labelled as "pure native wine," seized on the premises, had been reinforced with distilled spirits; that the wine delivered to the defendant by his principal had not been so reinforced when so delivered; that the defendant kept in his premises material for such reinforcement; that an empty bottle similar to the bottles seized and containing only dregs was found on a shelf under the bar; and that, on one occasion, a drunken man was seen coming out of the premises, but was not seen going in. *Held*, that the judge rightly refused to rule that there was no sufficient evidence to warrant a conviction.

COMPLAINT to the Police Court of Gloucester, charging the defendant with maintaining a tenement at Gloucester used for the illegal keeping and illegal sale of intoxicating liquors between May 1 and June 13, 1896. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The facts appear in the opinion.

*H. H. Pratt*, for the defendant.

*A. P. White*, District Attorney, for the Commonwealth.

BARKER, J.    The defendant was found guilty of the offence of maintaining a tenement used for the illegal keeping and sale of intoxicating liquors.    There was evidence that his premises were fitted with a bar, glasses, etc., and that non-intoxicating drinks were sold there.    The evidence of the prosecution tended to show also that a quantity of wine was seized there, in quart, pint, and half-pint bottles, on each of which was a label stating in substance that the wine was pure native wine manufactured in this Commonwealth ; that an empty bottle similar to the full bottles and similarly labelled and containing only dregs was found on a shelf under the bar ; and that the defendant on his attention being called to it said that the bottle had been sold full to a customer, who took it away and afterwards brought back the empty bottle.    The officer who made the seizure also testified that in a drawer he found a bottle containing a black liquid, with a label stating, " This will reinforce anything into which it is put from four to six per cent of alcohol."    A witness called by the defendant testified that he was the manufacturer of the wine seized, that he manufactured it in the Commonwealth from grapes grown here, that he had not fortified the wine nor authorized the defendant nor any one else to fortify it, and that the defendant was his agent for the sale of the wine.    There was also evidence tending to show that the wine seized contained over eighteen per cent of alcohol, and that it had been fortified with distilled spirits.    There was also evidence tending to prove that on one occasion a man was seen coming out of the premises drunk, but he was not seen going in.

It is not contended that the evidence did not justify a finding that the defendant kept the premises for the purpose of keeping and selling the wine which was seized, and if such sales were unlawful he was guilty of the offence charged.    He could lawfully sell the wine only as the agent of the manufacturer, and he could not lawfully sell it to be drunk upon the premises.    Pub. Sts. c. 100, § 1 ; St. 1894, c. 489, § 1.    The jury having been instructed by a ruling, to which no exception was taken, to the effect that, while the agent could sell the native wine as received from his principal, whether it was a natural wine or artificially fortified by the principal, if the agent without authority fortified the wine furnished him by the addition of spirits, so that it

became an intoxicating liquor, the exception in the statute relative to native wines did not apply, the defendant asked the court to instruct the jury that no such reinforcement had been shown by the evidence, and excepted to the refusal to give the instruction.

The refusal was right. Evidence that the wine seized had been reinforced with distilled spirits, that the wine delivered to the defendant by his principal had not been so reinforced when so delivered, and that the defendant kept in his premises material for such reinforcement, made it a question for the jury whether such reinforcement by the defendant had been in fact shown.

The only other exception is to the refusal to rule that, upon all the testimony, there was no sufficient evidence to warrant a conviction. The refusal was right. The evidence justified a finding that the sales of the wine itself were illegal, and this, with the finding of the bottle with dregs, and the coming out of the drunken man from the premises, were circumstances to be considered by the jury.    *Exceptions overruled.*